FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 7 - 200? ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID HAYNES,

                                Petitioner,

   - against -

UNITED STATES OF AMERICA,

                                Respondent.
----------------------------------------------------------X

05 CV 5705 (SJ)

**MEMORANDUM
AND ORDER**

A P P E A R A N C E S

DAVID HAYNES
#70185-053
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
Petitioner, *Pro Se*, in part

MARTIN G. GOLDBERG, ESQ.
Law Offices
P.O. Box 236
Franklin Square, NY 11010
Attorney for Petitioner

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Steven Weiser, Esq.
Attorney for Respondent

1

JOHNSON, Senior District Judge:

Before the Court is a motion by David Haynes ("Petitioner"), initially brought pro se,[1] to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). For the reasons stated herein, the § 2255 Motion is DENIED.

## BACKGROUND

Petitioner originally sought to challenge a judgment, which followed a plea of guilty[2] pursuant to a written plea agreement (the "Plea Agreement"),[3] convicting Petitioner of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On December 17, 2004, this Court entered judgment, sentencing Petitioner principally to 70 months of incarceration.

On Petitioner's direct appeal, the United States Court of Appeals for the

---

[1] On June 14, 2006, the Court appointed Martin G. Goldberg, Esq. ("Goldberg") to represent Petitioner in this matter.

[2] With his consent, Petitioner's plea of guilty was taken by Magistrate Judge Cheryl L. Pollak on February 20, 2004. See United States v. Haynes, 03 CR 724, Entry No. 16. During his plea allocution, Petitioner indicated not only that he had read the Plea Agreement, had understood what it said and had discussed it with his attorney, but also that the Plea Agreement fully and accurately reflected his understanding of the agreement he had with the government. See Plea Tr. 12:22-13:18, Feb. 20, 2004. Finally, Petitioner also stated that he agreed as part of the Plea Agreement not to challenge the drug type and quantity findings contained in the laboratory report. Plea Tr. 16:17-21. At Petitioner's sentencing, this Court accepted his plea of guilty. See Haynes, 03 CR 724, Entry Dated December 15, 2004.

[3] As part of the Plea Agreement, Petitioner stipulated "that his sentence should be calculated based on a drug type and quantity of at least 50 grams of cocaine base and [Petitioner] waives any right to a jury trial in connection with such issue." See Resp. Feb. 8, 2006 Let. in Opp'n to the § 2255 Motion, Ex. 1 (Plea Agreement) ¶ 2. Furthermore, Petitioner agreed not to "(a) challenge the finding contained in the laboratory report or (b) file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 108 months or below." See Id. ¶ 4.

2

Second Circuit (the "Second Circuit") denied his motion to remand for new a sentence and dismissed his appeal. See United States v. Haynes, 412 F.3d 37, 38 (2d Cir. 2005).

Petitioner filed the § 2255 Motion, dated November 1, 2005, claiming ineffective assistance of counsel by his trial counsel, Scott E. Leemon, Esq. ("Trial Counsel"), for: (1) failing to inform Petitioner that he had a right to a jury trial to determine drug type and drug quantity; (2) failing to bring to the Court's attention that Petitioner had a Sixth Amendment right to a jury trial to determine drug type and quantity; and (3) failing to present the issue that Petitioner's guilty plea was not voluntary.

On May 1, 2006, Trial Counsel filed an affirmation responding to Petitioner's assertions of ineffective assistance of counsel. See Haynes v. United States, 05 CV 5705, Entry No. 6. Because Trial Counsel's version of the relevant events differed materially from that of Petitioner, the Court appointed Goldberg in anticipation of holding an evidentiary hearing on the issues raised in the § 2255 Motion. Then, on August 8, 2006, Goldberg filed an affirmation (the "Goldberg Affirmation") in which, on behalf of Petitioner, Goldberg sought to clarify the relief his client is now seeking. See Haynes, 05 CV 5705, Entry No. 9. According to the Goldberg Affirmation, though Petitioner still believes Trial Counsel did not advise Petitioner properly when he decided to plead guilty, Petitioner does not seek to withdraw his guilty plea. See

3

P-049

Goldberg Aff. ¶¶ 3, 6. Rather, Petitioner is now seeking modification of his sentence "under the more flexible sentencing rules that exist today . . . ." See Goldberg Aff. ¶ 13.

## DISCUSSION

### I.     Petitioner's Claim is Barred

#### *A.     Petitioner Waived Any Challenges to His Sentence*

As stated above, Petitioner agreed as part of the Plea Agreement not to challenge his sentence as long as the Court sentenced Petitioner to no more than 108 months of imprisonment. Because this Court sentenced Petitioner to 70 months, this waiver provision – which Petitioner freely negotiated – applies, as the general rule is that "knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable." United States v. Salcido-Contreras, 990 F.2d 51, 51 (2d Cir. 1993) (citation omitted). A defendant who knowingly and voluntarily agrees to waive the right to appeal a certain sentence may not then "appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." Id. at 53. Waivers of the right to seek collateral relief under 28 U.S.C. § 2255 are enforceable to the same extent as waivers of direct appeal. Groppi v. United States, No. 05 CV 7058, 2006 U.S. Dist. LEXIS 641, at *11 (S.D.N.Y. Feb. 17, 2006) (citing Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001) (upholding a waiver of collateral relief even when

4

the petitioner had been mistakenly informed by a district judge that the petitioner had the right to appeal)).[4]

That said, notwithstanding the general rule against challenging pleas and sentences where such rights have been waived, "important constitutional rights require some exceptions to the presumptive enforceability of a waiver." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). For example, a court should only enforce a waiver "if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996) (citation omitted).

In this case, Petitioner had contended that his plea, and more specifically, his waiver of his right to appeal or to "otherwise challenge" his sentence, was not knowing and voluntary because of Trial Counsel's failure to inform Petitioner he could go to trial on the issue of drug quantity type and quantity. Even though the Goldberg Affirmation indicates Petitioner does not wish to pursue this particular claim anymore, the Court believes it prudent to consider the issue out of an abundance of caution, especially if Petitioner should change his mind once again and seek to re-assert this claim.

---

[4]While not raised by Petitioner, the Court notes that the record for the underlying criminal case, 03 CR 724, reflects that the Court unintentionally misinformed Petitioner in a similar manner regarding his appeal rights. However, it is clear from Garcia-Santos that such an inadvertent error by a district court does not render this type of waiver unenforceable.

### 1. The Waiver was Knowing and Voluntary

Upon review, the record clearly refutes Petitioner's claim that he was uninformed as to his rights, not only with regard to drug type and quantity but also with regard to the entire plea process.[5] In fact, the record directly contradicts Petitioner's claim by showing that he was in fact aware at the time he entered his plea of the terms of the Plea Agreement – including the appeal waiver provision – as well as any issues dealing with drug type and quantity. Thus, the Court is not convinced that Petitioner's plea was not knowing and voluntary. Of course, such a conclusion is entirely consistent with how the Second Circuit viewed Petitioner's plea process. See

---

[5] Specifically, the following colloquy occurred during Petitioner's plea allocution between Petitioner and Magistrate Judge Pollak, who took Petitioner's plea:

> THE COURT: [] Do you understand each and every provision of this plea agreement?
>
> THE DEFENDANT: Yes, I do.
>
> . . . .
>
> THE COURT: [] you ordinarily have the right to appeal your sentence to a higher court, but you are not able to challenge your conviction. However, under the plea agreement, you have even further limited your right of appeal and agreed not to file any appeal in the event you are sentenced to a term of imprisonment of 108 months or less. Do you understand?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Do you have any questions you would like to ask me about the charge, your rights or anything else relating to this matter?
>
> THE DEFENDANT: No, it's okay. I discussed –
>
> THE COURT: Is everything clear to you?
>
> THE DEFENDANT: It's clear, yeah, it's clear.

Pleading Tr. 10:20-23, 15:8-22, Oct. 10, 2003.

Haynes, 412 F.3d at 39 (noting that Petitioner did not claim on direct appeal that his plea was not knowing or voluntary, and "[n]or could he succeed in such a claim. The plea allocution shows Haynes to have been fully informed, competent, free of coercion, and cognizant of his rights at the time of the plea").

This is not the end of the inquiry, however, because "even a defendant's knowing and voluntary waiver may be unenforceable if any act of ineffective assistance of counsel led to the waiver." Villar v. United States. No. 05 CV 3230. 2006 U.S. Dist. LEXIS 397, at *10 (S.D.N.Y. Jan. 6, 2006) (citations omitted). The Court must, therefore, consider Trial Counsel's performance.

### 2. Trial Counsel was not Ineffective

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States (the "Supreme Court") established a two-part test to determine whether a counsel's assistance was ineffective. First, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688. When evaluating counsel's performance, a court must examine the circumstances of counsel's conduct from counsel's perspective at the time rather than from hindsight. Id. at 689. Moreover, in order to satisfy the first prong of Strickland, Petitioner must overcome the strong presumption that the challenged action or inaction may be considered reasonable strategy. Id. Second, a petitioner must show that counsel's performance prejudiced his defense. Id. at 692.

7

P-049

To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. As the Supreme Court stated, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Unless Petitioner satisfies both of the requirements of Strickland, it cannot be said that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.

Here, Petitioner has failed to make any showing that Trial Counsel's performance was objectively unreasonable under the prevailing professional standards. Therefore, because Petitioner's plea was – as this Court and the Second Circuit have concluded – knowing and voluntary, and because Trial Counsel was not ineffective, the Plea Agreement waiver bars Petitioner's § 2255 Motion.[6]

## II.     Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a

---

[6]The Court recognizes that, especially in light of the efforts Petitioner appears to be making to improve his life and to prepare himself to be a productive member of society upon his release from incarceration, that the Court's decision may be difficult to receive. However, the Court is hopeful that this decision will not dissuade Petitioner from continuing to make very positive changes in his life. His decision to try to save his sister's life by donating part of his liver was certainly laudable. Moreover, his apparent successful completion of many programs while incarcerated, in particular the one relating to drug treatment, is similarly commendable. And, while he may understandably view this decision as a set-back, the hope is that it will not be a permanent one for Petitioner. The Court further hopes that, upon Petitioner's eventual release, he will follow through with his pledge, as relayed through the Goldberg Affirmation, to care for and serve as an excellent role model for the children of his deceased sister.

8

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. U.S., No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Therefore, a certificate of appealability shall not issue.

## CONCLUSION

After reviewing the filings and the relevant portions of the record, which were entirely sufficient to dispose of the § 2255 Motion, the Court hereby DENIES both the Motion and the issuance of a certificate of appealability. Morever, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is hereby DISMISSED with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: September 5, 2006
Brooklyn, New York

s/SJ

Senior United States District Judge

9

cc:  Scott E. Leemon, Esq.
Law Offices of Scott Leemon, PC
260 Madison Avenue
20th Floor
New York, NY 10016
Petitioner's Trial Counsel

10

P-049